Date signed May 15, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| GEANETT A. TYLER | : | Case No. 08-10170PM |
| | : | Chapter 13 |
| Debtor | : | |
| -------------------------------- | : | |
| EQUICREDIT CORPORATION OF AMERICA | : | |
|    c/o SELECT PORTFOLIO SERVICING, INC. | : | |
|    f/k/a FAIRBANKS CAPITAL CORP. | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| GEANETT TYLER | : | |
| Respondent | : | |
| -------------------------------- | : | |

**MEMORANDUM OF DECISION**

Before the court is a motion for relief from the automatic stay filed by EquiCredit Corporation of America, c/o Select Portfolio Servicing, Inc., f/k/a Fairbanks Capital Corp., and the opposition thereto. The facts are undisputed. Movant has a senior lien securing its claim in excess of $28,000.00. Debtor has made no payments since the filing of the bankruptcy petition on January 3, 2008, and pre-petition arrears are due from April 1, 2007. Movant has made substantial advances for tax payments. Movant urges that it should have relief from the stay of 11 U.S.C. § 362(a) to avoid irreparable injury caused by the lack of adequate protection of its interest. In response, Debtor notes that this court passed an Order on April 10, 2008, authorizing the sale of the subject property for $360,000.00. The Debtor's motion for authority to sell was

accompanied by a contract for that amount and an approval of the purchasers' financing.

In order for Movant to obtain relief under 11 U.S.C. §§ 362(d)(2) and 362(g)(1), it must show that the Debtor has no equity in the subject property. Movant offered no such proof, nor could it. Some evidence of the value of the property is that it has an assessed valuation of $493,340.00. Nor can the court find cause for relief from the stay under 11 U.S.C. § 362(d)(1). Here, this over-secured creditor has an equity cushion nearly ten times the amount of the debt. The existence of an equity cushion "is the classic form of protection for a secured debt justifying the restraint of lien enforcement by the bankruptcy court." *In re Johnson*, 45 B.R. 618, 620 (BC Md. 1985). *See*, *In re Mellor*, 734 F.2d 1396, 1401 (CA9 1984) ("a 20% cushion has been held to be an adequate protection for a secured creditor"); *In re Nichols*, 440 F.3d 850, 856 (CA6 2006); *In re Rogers Development Corp*, 2 B.R. 679, 685 (BC E.D. Va. 1980).

While this case is pending, Movant is earning interest of 12½ % on its gilt-edged investment. In these days one would be hard-pressed to find a better investment, and one questions the motive for filing this motion against this Debtor, whose monthly income of $1,022.12 is derived solely from social security and family contributions of $559.12. This interest requirement is mandated by 11 U.S.C. § 506(b); *cf. United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 373 (1988). Was the purpose of filing the motion solely to earn the large trustees' and attorneys' fees derived from a foreclosure? One also wonders in these times why the Movant was not able to work out an accommodation to save all parties time and expense rather than force the Debtor into bankruptcy.

An appropriate order will be entered.

cc:
Darine K. Tabbara, Esq., 4520 East West Highway, Suite 200, Bethesda, MD 20814
Albert Wilson Jr., Esq., 700 12th Street, N.W., Suite 700, Washington, DC 20005
Geanett A. Tyler, 1847 Dulaney Court, Frederick, MD 21702
Geanett A. Tyler, 10908 Battersea Court, Fort Washington, MD 20744
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**